Tucker
v.
Ives.

## Tucker *against* Ives.

On motion, by the defendant, to set aside the report of referees, which was in favor of the plaintiff. The facts are stated in the opinion of the court.

*W. H. Maynard*, for the motion.

*F. C. White* and *H. R. Storrs*, contra.

*Curia, per* Sutherland, J. The application is founded principally upon the allegation, that the whole of the plaintiff's demand, amounting to between seven and eight hundred dollars, was barred by the statute of limitations; and ought not to have been allowed by the referees.

That demand originated as follows : On the 11*th* day of *February*, 1809, the defendant, *Ives*, sold and transferred to the plaintiff, a note made by one *George Stowbridge* to one *Oliver Tuttle*, for $291. *Ives*, at the same time, agreed to be responsible to *Tucker* for the amount of the note, if *Stowbridge*, the maker, should fail to pay it. He, at the same time, gave *Tucker* a memorandum, stating the transfer of the note, and his agreement to be responsible for the amount ; and it was also stipulated, that if the note should be sued, it should be in the name of *Tuttle*, the payee. *Tuttle* died ; and *Ives*, the defendant, became his administrator. In *August* term of this court, 1810, *Tucker* recovered a judgment against *Stowbridge*, upon the note, in the name of *Ives*, as administrator ; and issued a *ca. sa.* upon which *Stowbridge* was taken and imprisoned.

Where *I.* sold a note to *T.* and guaranteed the payment ; the note to be sued in the name of the payee, one *O. T.*, who died, and *I.* became his administrator ; and *T.* in *I's* name, sued on the note, obtained judgment against, and imprisoned the maker ; and then *I.* compromised with him, taking notes with good sureties, and discharging him from imprisonment ; and then *I.* received the money on the last notes ; all which, except receiving the money, was more than six years before suit ; but the money was received within 6 years ; *held,* that *I.* was liable to *T.* as for money had and

received ; and that the claim was not barred by the statute of limitations.

Interest is not allowable on an unliquidated account for goods sold and delivered, where no time is fixed for payment ; and there is no agreement to allow interest, express or implied.

An account, many items of which arose within six years before suit, is not barred by the statute of limitations as to those items which arose more than six years before suit. And this rule extends as well to the defendant's account, introduced by way of set off, as to the plaintiff's.

In *June*, 1811, while *Stowbridge* was still in custody on the *ca. sa.*, *Ives* made a compromise with him of this and other demands, amounting to about $700; took his notes with good sureties for the amount, and discharged him from his imprisonment. Those notes were subsequently prosecuted by *Ives*, and the whole amount has been collected and received by him within six years before this suit was commenced.

The question is, whether enough of this money to cover the judgment obtained by *Tucker*, in the name of *Ives*, against *Stowbridge*, is not, in judgment of law, to be considered as received by *Ives* to the use of *Tucker*. The referees held that it was; and in this, I think, they were correct.

There is nothing in the case to show whether *Tucker* did or did not assent to the discharge of *Stowbridge*, and the new arrangement made with him by *Ives*. But if it were necessary, in order to sustain a demand so obviously just, I think we should have a right to presume that *Ives* acted as the agent of *Tucker*, so far as his judgment was concerned; and that the security taken was, *pro tanto*, for his benefit, and taken with his knowledge and consent. If so, then *Tucker* had no cause of action against *Ives*, until he collected the money, or made himself responsible by some new promise, or some neglect of duty in enforcing the new securities obtained.

The fact that *Tucker* never enforced the guaranty of *Stowbridge's* note, given by *Ives*, strengthens the presumption that he assented to the arrangement made by *Ives*, and looked to the new security obtained, in the first instance.

Interest upon the judgment was properly allowed, from the time when it was obtained; although judgments did not carry interest until 1813. *Stowbridge*, who was examined as a witness, states, that he gave his notes with two sureties to *Ives*, for the whole amount of *Ives'* claim against him. Although the judgment did not carry interest, it was perfectly just and proper that *Stowbridge* should have paid

it ; and it is fairly to be presumed that it was claimed and allowed in the settlement.

The referees have obviously made a mistake in the amount of the receipt for the note of *Ambrose Cone*, of *August*, 1816. They read the receipt as for $24,35 ; whereas, it is clearly shown that it was for $74,35. There was no dispute as to this item, and the error originated in the obscurity of the writing. It would make a difference of $50, with interest from 1816, in favor of the defendant, and would have entitled him to a report in his favor ; the report, as it now stands, being only $44 in favor of the plaintiff.

But I think the referees erred in allowing the defendant interest upon a portion of the account exhibited by way of set off. If the orders mentioned in the account were for money, they would carry interest. But so far as the account consists of charges for goods, provisions and other articles sold to the plaintiff, I know no principle on which interest is allowable ; there never having been a liquidation of the account, and there being no evidence of an agreement, express or implied, to pay it. (3 *Cowen*, 393. 4 *id*. 496.) No time of payment appears to have been fixed, and there is no evidence of the credit usually given at the defendant's store, (if he kept one, which does not affirmatively appear.)

Many items of the account being within six years, the whole account is thus taken out of the statute of limitations, and the defendant is entitled to the allowance of it, with the above exception in relation to interest.

On the whole, I think the report should be set aside, and the cause be again referred to the same referees.

Motion granted.