MATTHEW SHAW *v.* SAMUEL W. OAKEY and others.

Where a person in New Orleans orders, by letter, goods to be shipped to him from New York, offering to pay for them at a certain period after shipment, the contract will be governed by the laws of the latter place, where the final assent necessary to the completion of the contract was given, and the order received and executed.

An account bears interest from its liquidation ; and will be considered as liquidated from the time when it was rendered, if not objected to within a reasonable period.

Where in a sale of goods, a time for payment is fixed, an agreement to pay interest may be implied.

An unliquidated account bears interest from judicial demand.

A payment cannot be imputed to the reduction of the principal, where any interest is due. C. C. 2160.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Emerson*, for the plaintiff.

*T. Slidell*, for the appellants. The contract should be governed by the laws of this State, and the interest, if allowed, should be five per cent. Story, Conflict of Laws, 247. *Fanning and others v. Consequa*, 17 Johnson, 510.

MORPHY, J. This action is brought on two invoices of goods, shipped in New York to the defendants, who reside in this city. When the latter requested the plaintiff to forward the goods, it was stipulated that they should pay for them six months after the shipment should have been made in New York. Some partial payments having been shown on the trial, judgment was given below for the balance due on the amount of the two invoices, together with interest thereon at the rate of seven per cent per annum from the expiration of the credit agreed on. The defendants have appealed.

The only point made in this case is, that no interest should be allowed, the claim being on an unliquidated account; and that if allowed, it should not exceed five per cent per annum. Even were this contract to be regulated by the laws of Louisiana, as the appellants contend, the plaintiff would be entitled to interest from judicial demand ; but we are of opinion that the laws of New York are to govern, because the final assent necessary to the formation of the contract was given by the plaintiff in New York, where he received and executed the defendants' order for the goods.

Story's Conflict of Laws, § 285. *Whiston et al.* v. *Stodder et al.*, *Syndics*, 8 Mart. 133. In that State it has uniformly been held that after an account has been liquidated, it carries interest, and that an account is to be considered as liquidated after it has been rendered, if objections are not made to it. 15 Johnson, 424. It appears reasonable enough to presume the acquiesence of the debtor in an account rendered to him, if, during a reasonable time for that purpose, he does not object to its correctness. It also seems, that where in a sale of goods, a time for payment is fixed, an agreement to pay interest may be implied. 6 Cow. 193. 2 Wendell, 501. In their letters to the plaintiff, shortly after the arrival of the goods, the defendants acknowledged they had received them, with the two invoices sued on, without either then or since making any objection to the account thus rendered to them. They, moreover, fixed themselves the time of payment, at six months from the delivery of the goods on board of the ship at New York, and the time of such shipment is shown by the bill of lading. They, therefore, owe interest from the expiration of the credit given, at the rate of seven per cent per annum, which is the interest allowed in that State. Revised Statutes of N. Y. vol. 1, p. 760, 2d ed. As to the mode of computing the interest, the judge appears to have calculated interest on the principal up to the time when a payment was made, and to have added this interest to the principal and then deducted the amount paid. This appears to us to be correct, where the payments exceed the interest due. *Williams and others* v. *Houghtaling and others*, 3 Cowen, 87, note (*a*). Civ. Code, art. 2160. It was also the principle of the Roman law. *Prius in usuris, reliquum in sortem.* De Fid. et de Mand. l. 68.

*Judgment affirmed.*