## Freeman, Syndic *v*. Howell, Administrator.

To make an account a stated account, it is not necessary that it it should be signed by the parties. It is enough if it have been examined and accepted by both, and such acceptance may be inferred from circumstances. Hence an account rendered will be deemed to be an account stated from the presumed approbation or acquiescence of the parties, unless objected to within a reasonable time. What is reasonable time must be determined with reference to the relations of the parties, or the usual course of business of the particular class of persons concerned.

APPEAL from the District Court of West Feliciana, *Penn, J. Ratliff* and *Cowgill*, for the appellant. *Phillips*, for the defendant. The judgment of the court (*Rost, J.* absent,) was pronounced by

Slidell, J. This is an action upon two accounts of *John Goodin & Co.*, commission merchants, one with *Ebenezer Howell*, the deceased, and the other with the defendant as administrator after his death. The accounts appear to have been kept distinct on the books of *John Goodin & Co.* The items of the account with the deceased, begin in December, 1842, and end in July, 1843. Those of the account with his succession commence in October, 1843, and a balance is struck on

the 31st July, 1844; to which balance is added at foot, the balance of the account first mentioned.  The items in these accounts are the usual matters of debit and credit in factor's accounts with planters; on the one hand, advances of money, plantation supplies, acceptances of drafts; and on the other, proceeds of sales of crops.  The court below, considering the plaintiff's claim not proved, gave judgment as in case of non-suit, and the plaintiff has appealed.

<div style="float:right;text-align:center">FREEMAN<br>*v.*<br>HOWELL</div>

The defendant does not appear to dispute the sufficiency of the evidence with regard to the charges for supplies &c.; but contends that, with regard to the charges for drafts of the planter paid by the factor, the drafts themselves should have been produced; and that the secondary evidence, the testimony of the clerk of the factor that they had been paid, was properly rejected.  On the other hand the plaintiff contends that accounts current were sent from time to time, and that, as no complaint was made with regard to them, the planter must be considered as having acquiesced in their correctness; and the production of the drafts was therefore unnecessary.

To make an account a stated account it is not necessary that it should be signed by the parties.  It is sufficient if it has been examined and accepted by both, and that acceptance may be implied from circumstances.  Hence the principal seems to be well settled that, an account rendered will be deemed an account stated from the presumed approbation or acquiescence of the parties, unless an objection is made thereto within a reasonable time.  What is a reasonable time, must be determined with reference to the relations of the parties, or the usual course of business of the particular class of persons concerned.  See Story's Equity s. 526, and the cases there cited.

But giving the plaintiff the benefit of this principle, the testimony offered at the trial was not of that definite character which would authorize us to apply the principle in the case before us.  The witness deposes as follows: "*John Goodin & Co.* were in the habit of sending an account current to each of their customers at the close of the season's business; and oftener than that, if they considered that their customers wanted too much in proportion to the extent of their crops or remembrance of their own obligations; an account current should always show what is owing to or by the individual to whom it is furnished— of course *Mr. Howells'* account was regularly, (or rather irregularly, he being one of the not too punctual,) transmitted to his customary address."  It will be perceived that the witness speaks *inferentially* to the point of the transmission of accounts to *Howell*.  But, even if he be considered as intending to assert positively that accounts were transmitted to him from time to time, yet upon this loose statement we cannot act with precision upon the items of the account, and say how many of its items must be considered as having been communicated to, and acquiesced in by, the planter.  If it had been shown that, on a certain day, an account brought down to that day, and striking a balance, had been transmitted to the planter, and that the business and correspondence of the parties had subsequently proceeded as before without objection, there would then have been a basis laid upon which the judge below might have been required to say whether, under all the circumstances, the acquiescence of the party could reasonably be presumed, and down to what time, and as to what portion of the account sued upon.                               *Judgment affirmed.*