## WM. MANSELL *v.* C. B. PAYNE.

*A party receiving an account, and making no objection to it within a reasonable time, admits its correctness, and cannot afterwards legally object to it.*

APPEAL from the Second District Court of New Orleans, *Whitaker, J. Benjamin, Bradford & Finney* and *C. Roselius,* for plaintiff.    *Durant & Hornor,* for defendant.

HOWELL, J.    On the 21st June, 1856, plaintiff, then at Vera Cruz, Mexico, addressed a letter to defendant, in this city, authorizing him to

procure twenty-five shares, of $100 each, of the stock of the Southern Steamship Company, paying $2,000 cash, and furnishing a note in plaintiff's name, at six months, for the balance, $500.

On the 21st July following, he wrote another letter, requesting defendant to increase his stock to fifty shares, issuing a note in plaintiff's name, at six months, for $1,000, the amount required to complete the cost thereof.

In September of the same year, the defendant transmitted to plaintiff, at Vera Cruz, an account, offered in evidence by plaintiff, showing the receipt, by the former from the latter, of $4,155, at different times, from June 10th to July 25th, and charging plaintiff with $4,000 paid, on 10th June, 1856, on fifty shares of the stock of the Southern Steamship Company, and three small items, leaving a balance in defendant's hands of $88 50, in favor of plaintiff. At the bottom of said account is the following memorandum: "June 10. His note, at twelve months, for $1,000."

The plaintiff, according to his answer to a subpœna duces tecum, returned to New Orleans in October, 1857, and was, thereafter, in the habit of visiting the office of the company, of which defendant was the manager. On the 17th November, 1857, upon the payment of the note for $1,000, the defendant transferred to plaintiff, on the books of the company, fifty shares of the stock, for which a certificate was issued, and which, on 19th August, 1858, plaintiff transferred back to defendant, at $67 50 per share, the plaintiff, at the time and since 10th May, 1858, being in the employment of the company.

In 1856 and 1857, the company lost two steamers, constituting about half their capital, which greatly depreciated the value of the stock, some selling as low as $30, the plaintiff alleging that, when the transfer was made to him, it was worth $50 per share, at which price, he says, defendant purchased the fifty shares, and transferred the same to him at par.

He charges defendant with fraud, and claims $2,500 as damages, being the difference between what defendant charged and actually paid for the stock; and he also claims $1,000 damages sustained in the sale by himself to defendant, in August, 1858.

There was judgment for defendant, and plaintiff appealed.

This suit was instituted in January, 1861, two years and five months after the last transaction between the parties. At what date plaintiff became aware of the facts, which, he says, operated a fraud upon him, does not appear. But, we think, that his possession of the account, rendered to him by defendant for so long a time, without objection; his acceptance of the certificate of stock, when issued to him in November, 1857, with the knowledge of the losses of the company and the depreciation of the stock, and his resale to defendant, in August, 1858, of the same stock, amounted to an acquiescence in the acts of defendant, and that he is now estopped from claiming damages.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs.