296 So.2d 397 (1974)
PETERSON SALES COMPANY, INC., Plaintiff-Appellee,
v.
C-MOORE GLASS, INC., d. b. a. C-Moore Store Fixtures Company, Defendant-Appellant.
No. 12308.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
Rehearing Denied July 1, 1974.
Bruscato & Loomis by Anthony J. Bruscato, Monroe, for defendant-appellant.
Skeels, Baker & Coleman by Donald L. Baker, Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
AYRES, Judge.
This is an action upon an open account for repairs made by plaintiff to defendant's diesel-engine motor-truck. The defense is that only certain limited work was authorized to be done, whereas substantial *398 repairs were made without authorization. It is further contended that, following the work, the motor vehicle continued to operate unsatisfactorily.
After trial, there was judgment in plaintiff's favor for $1,610.63, the amount claimed, plus legal interest from judicial demand until paid, and for costs. From this judgment, defendant suspensively appealed.
Appellant assigns as error the action of the trial court in holding (1) there was no legal contract with respect to the work to be performed and, hence, in failing to require that the contract be produced and filed in evidence; (2) that, in the alternative, plaintiff established its clause by a credible witness and "other corroborating circumstances," as required by LSA-C.C. Art. 2277, when no written contract was involved; and (3), in the alternative, in awarding plaintiff an amount in excess of defendant's authorization.
These observations and findings are pointed out by the trial court in written reasons for his judgment:
"The evidence is uncontroverted that an employee of the defendant brought the truck in question to plaintiff's place of business on two occasions and authorized repairs to be made. Repairs were made, after which invoices and statements of account were mailed to and received by defendant. After repeated demand, defendant has refused to make any payment thereon. Defendant also admits in its answer that plaintiff was authorized to make repairs to the truck.
"When the employee brought the truck in for repairs, he informed plaintiff's service personnel of the desired repairs and signed an authorization for the repairs to be made. The paper which he signed did not contain any list of the parts which would be necessarily used in making the repairs, nor was any amount of money agreed upon.
"During the course of the trial, plaintiff's service manager testified in detail concerning the repairs which were made, the parts used, and the value of the labor and the parts. He was rigorously cross-examined by defense counsel on almost an item-by-item basis.
"Plaintiff was not allowed to place in evidence copies of the invoices for the reason that they were neither originals nor duplicate originals, but were copies prepared by a nonwitness.
"The defense rested its case without offering any evidence.
"Defendant maintains that the failure of plaintiff to produce and file in evidence the original invoices is fatal to its cause, citing the Supreme Court decision of Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). The rationale of this case is that where a plaintiff knows of a writing which is the principal basis for his claim, he must produce it when it is the best evidence of the facts at issue, and parole evidence of the content is not admissible. In other words, when a contract is reduced to writing, the writing is the required proof.
"The Court does not believe that this case is applicable, for it is of the opinion that there was no written contract in this case. The instrument signed by defendant's employee cannot be considered to be a contract. There was no agreement as to price or objects to be used or totality of work to be performed. It was merely an authorization to do certain work.
"Since there was no written contract, this case is governed by Article 2277 of the Civil Code, which recites:
"`All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible *399 witness, and other corroborating circumstances.'
"The `competent' evidence in this case is the detailed testimony of the service manager corroborated in part by the president of the plaintiff corporation.
"In view of the full, uninhibited cross-examination regarding these repairs, we do not believe it was essential that the original invoices be placed in evidence. Roy v. Griffith, 277 So.2d 747, 749 (La.App., 4th Cir., 1973)."
The corroborating circumstances, the alleged lack of which defendant complains, as required under LSA-C.C. Art. 2277, need be, under well-established Louisiana law, only general and not specifically directed to each element of the case. Morris v. Pratt, 114 La. 98, 38 So. 70 (1905); Pino v. Bennett, 126 So.2d 460 (La.App., 1st Cir., 1961).
It appears appropriate to point out that Victor J. Ditta, president of C-Moore Store Fixtures Company, testified that he was familiar with the work done by plaintiff on defendant's truck. He acknowledged that defendant had received statements for the total cost of such repairs in the sum of $1,610.63. Such statements were testified by him to have been received each month over a period of several months. He further testified that he neither made any protest to these statements nor did he authorize anyone else to protest them.
A rule early recognized and applied for more than a century is that, where an account rendered is not objected to within a reasonable time, the failure to object will be regarded as an admission of its correctness by the party charged. Darby v. Lastrapes, 28 La.Ann. 605 (1876); Mansell v. Payne, 18 La.Ann. 124 (1866); Freeman v. Howell, 4 La.Ann. 196, 50 Am.Dec. 561 (1849); Shaw v. Oakey, 3 Rob. 361 (1842); Starr v. Zacharie, 18 La. 517 (1841); Associated Motors v. Burk, 10 La.App. 5, 119 So. 451 (1929).
Moreover, in such cases, where a debtor does not object to the correctness of an account rendered to him until after the institution of suit thereon, the account is regarded as an account stated. Blanc v. Scruggs, 26 La.Ann. 208 (1874); Gilbert v. Tullman, La.App., 28 So.2d 134 (1946); Bloch Bros. v. Ferchaud & Robert, 13 Orl. App. 369.
In Gilbert v. Tullman, supra, the defendant appealed from a judgment in favor of plaintiff for $1,055.51, plus interest and attorney's fees, and awarding him judgment against plaintiff in reconvention for $600.00. Appellant there contended the demand of the plaintiff should have been rejected in toto, and there should have been judgment in his favor in the sum of $900.00. The action arose out of a dispute involving a pro rata share of the operating expenses of certain oil wells. Gilbert testified that he supervised the operation of the wells, employed the labor necessary for the operation, and purchased the necessary materials. This court, through the late Judge McInnis, pointed out:
"`When an account is rendered and no objection is made within a reasonable time, it is a prima facie admission that the account is correct, unless rebutted. Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62; Frierson Co., Inc. v. Murray, La.App., 190 So. 132.
"`Considering the above authorities, we think the account is proven when Gilbert testified that he made it up and that he had personal knowledge of the correctness of each individual item. * * *'"
28 So.2d 135.
Applicable to the facts of the cited case and appropriate to the instant case are the conclusions:
"We are of the opinion that plaintiff made sufficient proof of the account unless defendant shows that it is incorrect, which he has not done. It is true that he says he complained about some things on the account, and that plaintiff promised *400 to adjust it but never did. Defendant did not point out any particular items on the account that were not correct."
28 So.2d 137.
There, as in the instant case, defendant did not point out any particular items on the account that were incorrect. Defendant offered no proof whatsoever.
In view of the established facts to which we have referred, we conclude that plaintiff has established by a preponderance of evidence its claim against the defendant, despite the exclusion from the record of a written itemized statement. Month after month, the defendant had been furnished such statements without protest and with respect to which plaintiff's witnesses had been thoroughly examined and cross-examined as to practically each and every item thereon.
For the aforesaid reasons and for those assigned by the trial court, quoted hereinabove, the judgment appealed is affirmed at defendant-appellant's costs.
Affirmed.