PONDER, Judge.
This is an action upon an open account for repairs plaintiff made to defendant’s truck engine. The defense is the repairs were authorized only if made under a warranty on the engine.
The trial court awarded judgment to plaintiff, for the full amount claimed, $2,258.88, plus legal interest from date of judicial demand until paid and all costs.
Defendant-appellant assigns these errors: (1) Finding the work was authorized and the subject of a contract of repair; (2) Failing to find the repairs were covered by a warranty given on work performed nearly one year ago; (3) Basing its judgment on quantum meruit, and (4) Awarding interest on a judgment of quantum merit.
We affirm.
No written reasons for judgment were given nor are oral reasons transcribed in the record. We are satisfied the trial court based its judgment on plaintiff’s proof of a debt on an open account and the defendant’s failure to prove the work was covered by a warranty. Our review of the record shows no manifest error was committed in granting judgment for plaintiff.
FACTS
Airline Diesel Service, Inc. performed work for the defendant, Traphagen Oil Company, Inc., on two occasions in November 1979, and the account was paid without incident. In March 1980, plaintiff overhauled a truck motor for West Truck Repair, a frequent customer of plaintiff. When the work was complete, the motor was returned to West Truck Repair and plaintiff billed West for that work. The motor was reinstalled by West in defendant’s truck. Thereafter, defendant brought the truck to plaintiff on several occasions, complaining the motor was missing and low on power. Plaintiff performed minor repairs on the motor without billing defendant. The occasional work to make the truck motor run properly continued to August 1981, well beyond the three-month warranty period which plaintiff specifies on its standard invoice. Plaintiff said it sometimes does work of a minor nature beyond the three-month warranty period for its customers, including defendant, and does not bill the customers or write a work order.
There is no dispute that defendant brought the truck to plaintiff for repairs on February 17, 1981. A piston rod in the motor was broken, requiring major repairs. Gordon S. Devall, defendant’s transport driver, and Donald Melancon, manager of Traphagen Oil, discussed the repairs with James Jones, shop foreman for plaintiff. The content of that conversation is in dispute. Jones was never deposed nor called as a witness by either party. Melancon’s account of the discussion with Jones differs from the testimony of Devall. Melancon said Jones and mechanics employed by plaintiff indicated the motor would be repaired under the warranty given when the truck motor was rebuilt in March 1980. Melancon said it was his “impression” the repairs would be done at no charge because of the warranty, and that Jones told him on this occasion that he would be called if there were to be any charges. Melancon said he was not called until the truck was ready.
Devall’s account is slightly different. Although present for the discussion, he didn’t remember Jones saying he would call Traphagen if there were to be any charges. He said he did leave with the impression plaintiff would perform warranty work. He said Melancon did not authorize any work for which Traphagen was to be billed.
Plaintiff performed what the invoice and the mechanics’ testimony describe as a “patch job” to the engine, which was the work defendant said it wanted, because the *67 truck was to be sold immediately and cost of the repairs were to be kept to a minimum. The invoice for the work shows Melancon’s name printed by hand on the line below a sentence which authorizes repairs. Melancon denied he printed or signed the authorization and testified he never authorized any work for which Tra-phagen was to be billed.
When the motor was repaired, plaintiff called defendant. The defendant’s driver was given a copy of the bill and plaintiff also mailed a copy of the bill to Traphagen. Plaintiffs bookkeeper testified defendant has paid nothing on the bill; defendant mailed the invoice back to plaintiff and enclosed a note, contending the repairs should have been covered under the warranty on the motor.
DISCUSSION
Plaintiff’s evidence supporting an action on an open account consisted of invoices of the work; testimony of Roy LaFleur, plaintiff’s office manager and bookkeeper, and testimony of mechanic Jim Jones, who worked on defendant’s truck on several occasions. This evidence shows the work was performed on defendant’s truck, that defendant was billed and no payments were ever made. This prima facie case shifted the burden of proof to Traphagen, to disprove the existence or correctness of the account either in part or in whole. Chaney Oil Co. of Vicksburg v. Beard, 446 So.2d 849 (La.App. 2d Cir.1984). Defendant attempted to show the February 1981 work was unauthorized, through the testimony of Melancon and Devall. This testimony is not persuasive in light of the undisputed fact that defendant got what it said it wanted from plaintiff — a patchwork repair to thé engine. Melancon denied he gave any written or oral permission for the work to be done on any basis other than under warranty.
Defendant failed to prove the warranty on the work done by plaintiff in March of 1980 extended to February and March of 1981. The invoice for the March 1980 work is not in evidence. The invoice for the work undertaken on February 17, 1981, does not refer to the March 1980 work or any earlier warranty. Plaintiff’s office manager testified no one was authorized to give verbal warranties or extend a warranty orally. Defendant’s version of the February 17, 1981 conversation is not persuasive. Melancon and Devall said it was their impression this major engine repair was to be covered by the warranty given on work done nearly a year earlier. Both said they had this impression because plaintiff had performed minor repairs on the engine on several occasions following the March 1980 overhaul. However, the work begun February 17, 1981, was clearly not of a minor nature, a fact of which all parties were aware. The previous repairs had been of a minor nature, when plaintiff's mechanics changed injectors to correct the miss in the engine.
According to plaintiff’s standard warranty, the March 1980 engine work was not warranted past three months. There was no proof of any agreement to extend the warranty. Defendant was not a party to the March 1980 work because plaintiff did its work for West Truck Repair, its regular customer, and never directly dealt with defendant or gave its warranty to defendant. The invoice clearly states plaintiff’s policy to limit warranties to no more than three months, regardless of mileage. We are satisfied the warranty on the truck motor repairs of March 1980 was expired. Even if plaintiff made additional minor adjustments at no cost, the repairs necessary on February 17, 1981, were well beyond the scope of the minor work previously undertaken by plaintiff at its cost.
Judgment for a repairman suing on an account was given in a case with facts similar to these in Peterson Sales Company, Inc. v. C-Moore Glass, Inc., 296 So.2d 397 (La.App. 2d Cir.1974). The plaintiff in that case, unlike this case, did not offer an itemized statement of repairs, but the court found plaintiff had nonetheless established its claim against defendant by a preponderance of evidence.
*68 Airline Diesel Service, Inc. put on a pri-ma facie case of defendant’s debt on an open account; defendant sought to disprove the debt by proving a warranty existed. The defendant’s proof of a warranty was not persuasive. Costs of this appeal are assessed to appellant.
AFFIRMED.