SMITH<br>
v.<br>
HEREFORD.

ordinances relative to the manner in which debts are to be collected, or to supply a summary process for the collection of debts.

APPEAL from the parish of West Baton Rouge, *Burk*, J.    *T. G. Morgan*, for appellees.    *J. M. Brunot*, for appellant.    The judgment of the court was pronounced by

ROST, J.    A requisition was made upon the plaintiffs by the inspector of roads and levees of the ward in which they reside, for slaves to work on the levee in front of a tract of uncultivated land belonging to the defendant, who is a non-resident.

The labor was furnished, and the plaintiffs obtained from the inspector certicates showing the respective amounts they had a right to claim from the defendant for it, under the police regulations of the parish.

The plaintiffs made an amicable demand of these amounts from the defendant, and on his failure to pay, they applied for jointly and obtained an order of seizure and sale against the land on the bare certificate of the inspector.

The defendant enjoined the proceeding on the following grounds : 1. That no law authorizes summary process in the case.    2. That the police jury was not competent to regulate, or in any manner to direct, the forms of judicial proceedings, and to extend the powers of courts.    3. That the inspector's certificate is not an authentic act, and cannot be the basis of executory process.    4. That it is not alleged or shown that the defendant was previously notified to work on his levee.

The district judge dissolved the injunction, and gave judgment against the plaintiffs as in case of non-suit.    They have appealed.

The ordinances of the police jury, under which executory process issued, were passed in the exercise of power supposed to have been granted by an act of the Legislature passed in 1831, repealing the act of 1829 relative to roads and levees, so far as it was in force in the parish of West Baton Rouge, and authorizing the police jury of that parish to pass all such ordinances as they may deem necessary relative to roads and levees.

The powers delegated by this law are purely administrative.    The police jury may pass ordinances relative to roads and levees ; but when, under those ordinances, indebtedness is incurred by planters, the debt must be sued for as other ordinary debts, unless the Legislature has given a summary remedy. This is one of the many inconveniences resulting from the repeal of the general law relative to roads and levees.

The plaintiffs have asked judgment as in an ordinary suit, but they made no application in the court below to change the proceedings from the *via executiva* to the *via ordinaria*, and the defendant had not the opportunity to avail himself of the means of defence he may have.    Moreover, the ordinance of the police jury cannot make the receipt of the inspector evidence ; the inspector himself should have been examined as a witness.

It is therefore ordered, that the judgment be affirmed, with costs.

---

## JOHN MOREAU v. VILLENEUVE BLANCHARD.

Where the plaintiff has kept his accounts and given receipts so carelessly that it is impossible to ascertain with certainty the amount due to him, the judgment of the district court giving him less than he claims will be affirmed.

MOREAU
v.
BLANCHARD.

APPEAL from the District Court of West Baton Rouge, *Burk*, J. *William Gil*, for plaintiff. *Andrew S. Herron*, for defendant. The judgment of the court was pronounced by

PRESTON, J. This suit has been instituted to recover the balance of an account for clothes furnished the defendant and others, whose accounts he assumed. Five receipts were offered in evidence by the defendant, without any bill of exception taken as to the admissibility of any of them. The aggregate amount of these receipts being deducted from the plaintiff's account, reduces the balance below the amount allowed by the district court; but it is palpable that the price of some articles of clothing furnished has been receipted for twice. The plaintiff has kept, and rendered his accounts and given receipts so carelessly, that it is impossible for us to ascertain the exact state of the account between the parties. It was his duty to keep his accounts in such a manner, and to furnish such evidence as would have enabled the court to fix with certainty the exact amount due to him by the defendant. He has not enabled us to know that the district court erred in reducing his claim to the amount allowed him.

The judgment of that court is therefore affirmed, with costs.