BREAUX, C. J.
Plaintiff, assignee of a number of claims due by the “Estate of E. Barousse,” a commercial partnership, brought this suit against Mrs. Eugenie Florence Hayes, widow of Edgar Barousse, deceased, now wife of Fred W. Haralson, against Mrs. Joseph Barousse, wife of Edward Daigle, as well as against Edward Daigle, husband in community of the said Eva Barousse, alleged of the firm known by the name of “Estate of E. Barousse,” to recover a sum of about $20,000 made up of different accounts of a number of merchants who had sold merchandise to the firm — that is, they are all sued as partners except Daigle, against whom these claims are asserted on the ground that, as a partner in community of one of the heirs, he is liable in solido for the amount of the debt.
It is a part of the history of the business of defendants that on the 13th day of May, 1907, a petition by Rosenberg & Company and other creditors of that firm was filed to the end of compelling these defendants to surrender the assets of this firm into bankruptcy. On the 26th day of June, 1907, the partnership and its individual members were adjudicated and declared bankrupts. The bankrupts never applied for a discharge, and were never discharged. The claims here were filed for approval and allowed by the referee in bankruptcy, and no opposition was filed against these claims.
As a business proposition as against Edward Daigle, plaintiff’s contention is that he is liable in solido with the other defendants by reason of his being the husband of Eva Barousse, one of the defendants; that Eva Barousse was a member of the partnership; that the debts were contracted by her and the partnership.
It is in time to state that Edward Daigle never went into bankruptcy; that he personally was in no way connected with Eva Barousse, his wife. Plaintiff’s position is that because of her participation in the affairs of the partnership she is liable, and by reason of that fact her husband also is liable.
Petitioner claims that he is the owner of the claims against the “Estate of E. Barousse,” which were proved up in bankruptcy.
The exception of no cause of action filed by defendant was, on the order of the district judge, referred to the merits, and thereafter the answer of general denial was filed by all defendants, and they admitted that the notes sued on were made by the “Estate of Barousse,” except one denied indebtedness thereon, and alleged that the notes were transferred to plaintiff after maturity.
*103 Edward Daigle, in a separate answer of some length, took issue with plaintiff on every ground alleged to hold him. liable. He alleged in addition that plaintiff’s is a litigious claim and speculative; that plaintiff was not holder of these claims;' that he paid nothing for them, and other allegations about to the same effect; and that he had naught to do with the bankruptcy proceedings, as he never received the least notice; that if he had been notified he might have protected himself and saved the business of the “Estate of E. Barousse” from the wreck brought about by the inconsiderate and hard proceedings of the creditors. He pleaded estoppel by conduct and acquiescence of the creditors in his regard. Pie alleged (and his allegation is sustained by the testimony) that a number of the creditors, after they had been informed that the suit had been brought against him for an amount which he did not owe, requested plaintiff not to continue with the suit against him, but that plaintiff refused to comply with the request.
During the trial, counsel for plaintiff offered in evidence the claim of a commercial firm, creditors.
Defendants, the Barousse people, objected to the admissibility of the transfer as evidence on the ground that the transfer had not been proven, and, furthermore, that there was no proof of the authority of the liquidator to sign as liquidator of the company. The written transfer was produced and sufficiently proven to admit it in evidence. As to the authority of the transferror, no objection having been previously urged in the exception or in the waiver, it was too late to object to the liquidator’s authority.
It must be remembered that the relations between the parties were created by law, and not by contract.
The objections should have been pleaded before going to trial. Blaffer et al., Commissioners, v. La. National Bank, 35 La. Ann. 251.
Besides, the liquidator testified that he is the liquidator, and that the account was assigned to plaintiff, and that, of itself, is proof sufficient to meet the objection.
[1] Another objection of defendants was that some of the accounts were not sustained by sufficient proof.
They were proved up in the usual manner, and witnesses, doubtless, refreshed their memories from the books, and the general trend of the business, and showed that the goods had been sold and delivered. It was not necessary to provd the actual delivery of each item of the different accounts as that is impossible. The sales were proven and everything combined in showing delivery. The testimony made out at least prima facie proof, and it was then for the defendants to prove wherein the testimony was not sufficient for the purpose offered.
As to defendant’s objection that accounts over $500 must he proved other than by one witness and corroborating circumstances, we can only say one witness testified to their correctness and there were corroborating circumstances.
Regarding attested accounts offered and admitted, the objection was that they can only be introduced on confirmation of default and not after answer is filed, citing Code of Practice, art.' 312, amended by Act No. 31 of 1890.
[2] At this point it becomes necessary to consider whether or not there is sufficient proof of the alleged bankruptcy before noted. In proof of this alleged bankruptcy, plaintiff offered the originals of the documents filed in the bankruptcy proceedings taken in the district court, entitled “Estate of Edgar Barousse,” consisting of the petition asking for the adjudication in involuntary bankruptcy of the partnership, consisting of defendants as members, and offered a *105 number of other documents in the same connection.
Defendants objected to these documents as not making proof as they were not identified, besides they were not certified to by the proper officers, but the court overruled the objection and admitted the papers.
The objection should have been sustained.
[3] It was not proven that the book said to be a book of the late T. T. Taylor, referee, was his book of record; moreover, the present incumbent in the referee office certified that he forwarded, all documents to the federal court, and, in consequence, he is the proper custodian. It results that there is not sufficient proof of the bankruptcy proceedings.
The requirement .of the Code of Practice is that there shall be proper authentication of record. Lehmann Co. v. Rivers, 110 La. 1087, 35 South. 296; Code of Practice, art. 752; U. S. Rev. St. § 905 (U. S. Comp. St. 1901, p. 677).
There is sufficient evidence before us to satisfy us that there were proceedings in bankruptcy, and that plaintiff can prove all that is pertinent to the points here involved. As to the effect of this evidence, that presents another issue, none the less the papers should be authenticated and regularly offered in evidence.
For reasons stated, the judgment is avoided, annulled, and reversed; the case is remanded to enable parties to prove the proceedings in bankruptcy by offering duly certified copies.
The appellee to pay costs of appeal.