(101 South. 402)

No. 24807.

## LOUISIANA ABSTRACT & TITLE GUARANTEE CO. v. XETER REALTY, LIMITED.

(June 27, 1924.  Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Abstracts of title** ⊛═3—**Evidence held to sustain finding as to amount due abstract and title insurance company.**

Evidence *held* to sustain finding as to amount due plaintiff for making abstracts of title and insuring titles for defendant.

2. **Evidence** ⊛═584(3)—**Failure of defendant to offer witness held sufficient corroboration of plaintiff's witness.**

In action for amount due for making abstracts of title and insuring titles, failure to place witness on stand to contradict plaintiff's testimony *held* sufficient corroboration of plaintiff's witness, under Civ. Code, art. 2277, requiring contracts exceeding $500 to be proved by one credible witness and other corroborative circumstances.

3. **Costs** ⊛═260(4)—**Appeal by defendant, who failed to place witness on stand, held frivolous.**

In action for amount due for making abstracts and insuring titles in which defendant was represented by able counsel but did not place witness on stand, though defendant's offices and agents were in city, appeal from judgment for plaintiff *held* frivolous, entitling plaintiff to damages.

Appeal from Civil District Court, Parish of Orleans; Val J. Stentz, Judge.

Suit by the Louisiana Abstract & Title Guarantee Company against the Xeter Realty, Limited.  Judgment for plaintiff, and defendant appeals.  Affirmed, with allowance of damages for frivolous appeal.

Wm. Winans Wall, of New Orleans, for appellant.

Lazarus, Michel & Lazarus and Herbert S. Weil, all of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J.  The plaintiff and defendant are corporations organized under the laws of Louisiana and domiciled in this city. As its name would indicate, the plaintiff is engaged in the business of preparing abstracts of title to real estate and of issuing policies guaranteeing such titles.  The defendant is engaged in buying and selling real estate in the city of New Orleans and throughout the state.

This suit grows out of the business relations between the two companies, and is for the sum of $2,607.30 for making abstracts of title and issuing policies on the title of certain pieces of real estate belonging to the defendant as per list furnished to the plaintiff.

[1] The defendant merely pleaded a general denial, and on the trial of the case in the court below introduced no testimony whatever.  In brief of counsel in this court it is argued that the testimony offered by the plaintiff is insufficient to sustain the judgment rendered in plaintiff's favor, or to justify a judgment in plaintiff's favor for any amount.  We have reviewed and considered the testimony very carefully, and have no doubt of the correctness of the finding of fact by the trial judge.

It appears that on November 10, 1915, the defendant wrote the plaintiff for an estimate of charges for the guarantee of title of certain specific pieces of property contained in a list which was inclosed and the title to which had been confirmed by judgment of court.  To this request the plaintiff replied in writing on December 14, 1915, giving the

rate of insurance and the fees for making the abstracts, plats, and other services connected therewith. And again on January 17, 1916, the plaintiff wrote defendant in part as follows:

"Confirming our conversation of to-day concerning the quotation made to you in our letter of December 14, relative to the guaranteeing of titles, and to our favor of January 13th, relative to the making of maps of the different squares or tracts in which said properties are located, showing the dimensions and location of said parcels of land. We are returning to you the original list submitted to us so that you may check over the same and eliminate any of these tracts which you desire by running your pen through the tract to be cut out, and we will deduct the valuation of said tracts cut out from our quotation made you upon the return of the list to us and the completion of our work. When our guaranty is issued upon the tracts, it will cover all of the tracts in one guaranty and for the amount set opposite the tracts on this list."

Mr. Bonslog, vice president of the plaintiff company, testified that following the above correspondence referred to and quoted from he made a contract with Mr. Lamberton representing the defendant, to do the work on the terms and at the prices as stated in the letters; that the work was done in accordance with the agreement, and was delivered to and accepted and approved by the defendant; that bills and statements showing the amount and character of the work done and the prices charged were from time to time, covering a period of more than two years, sent to the defendant; and that no protest was ever made and no objection at any time raised either as to the items charged or as to the work performed.

[2] The defendant's offices and agents were in the city. It was represented by able counsel, yet not a single witness was placed on the stand to contradict the plaintiff's testimony or to disprove the account sued on. These circumstances were sufficient corroboration of plaintiff's witness to take the case out of the rule (article 2277, C. C.) requiring all contracts for the payment of money, where the value exceeds $500, to be proved by one credible witness and other corroborative circumstances.

[3] The plaintiff and appellee has prayed for damages for a frivolous appeal. We think such damages should be allowed. No defense was made in the court below, and the appeal was obviously taken for delay.

It is ordered that the judgment appealed from be affirmed, with 10 per cent. on the principal amount thereof as damages for frivolous appeal; and that defendant pay costs of both courts.

Rehearing refused by the WHOLE COURT.