No. 3182

Second Circuit

LONE STAR GAS CO. v. WINNFIELD BOTTLING WORKS

(January 21, 1929. Opinion and Decree.)

John J. Peters, Jr., of Winnfield, attorney for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This is an action on open account for merchandise alleged to have been sold by plaintiff to defendant, and on trial judgment was rendered in favor of plaintiff for the amount claimed, less a portion of the account, which the evidence established was due at the time defendant had been adjudged a bankrupt, in which proceeding he had received a final discharge and less certain charges for mer-

chandise which the evidence tended to show had been delivered to an employee of defendant, and defendant alone appeals from the judgment.

The defendant pleaded the discharge in bankruptcy, and denied any other indebtedness, alleging that he did not owe anything to plaintiff, having paid all that he owed, and it is urged that the evidence does not show that the items of the account were proven, and that the court must have considered that defendant had pleaded payment and accepted same as an admission of the correctness of the charges made.

The judgment does not show that the court considered that plaintiff had pleaded payment or that he had by his pleadings admitted that the debt once existed, which is the usual effect given to a plea of payment (Durnford vs. Ayme, 3 M. (N. S.) 270; Jones vs. Bishop, 12 La. Ann. 397; Gails vs. Schooner Osceola, 14 La. Ann. 54; Reiners vs. St. Ceran, 23 La. Ann. 384; Landry vs. Delas, 25 La. Ann. 181); however, defendant offered evidence to show payment, and as such evidence was not admissible under the general denial (Gleises vs. Faurie, 6 La. Ann. 455; Landry vs. Baugnon, 17 La. Ann. 84, 36 Am. Dec. 606; Byrne vs. Bank, 31 La. Ann. 81; Woods vs. Heirs of Nicholls, 33 La. Ann. 744), it must be that the parties assumed defendant had pleaded payment, but if not, the evidence having established that the charges had been made from original sales slips, and that defendant had not denied the correctness of the account, his ineffectual attempt to show payment relieved plaintiff of the necessity of showing that each item charged had been delivered, and the bookkeeper of plaintiff having testified that defendant admitted the correctness of the account, the evidence was sufficient to warrant the judgment (Horton vs. Haralson, 130 La. 100, 57 So. 643), and it is affirmed.