FOURNET, Justice.
 

 Plaintiff filed suit against one of its former salesmen, A. M. Dean, to recover a balance due on an open account in the sum of $3,044.08, with legal interest from judicial demand, and attached to its petition a sworn itemized statement of the account showing the amount alleged to be due it.
 

 Defendant denied the correctness of the account, and, in reconvention, claimed the sum of $303.75, representing a balance of salary alleged to be due him by the plaintiff for the months of February, March, April, and May, 1933.
 

 At the conclusion of the trial of the case, defendant filed a plea of prescription of three years.
 

 Judgment was rendered in favor of plaintiff as prayed for, and the defendant’s re-conventional demand was rejected. Defendant has appealed.
 

 In support of the allegations of the petition, plaintiff offered the testimony of a number of former employees, including W. C.Webb, its secretary-treasurer, who was also bookkeeper and credit manager, Messrs. B. F. Thompson, Sr., vice president, J. G. Thompson, assistant manager, W. G. Bowden, who served as credit manager from 1919 to May, 1929, and J. J. Williams, together with its checks, order sheets, ledger sheets, etc.
 

 But counsel for defendant argue that “the Court, upon examination of the testimony, will find that as a matter of fact the only positive testimony as to acknowledgments was in 1927 and 1933,” and necessarily, the acknowledgment of 1927, if satisfactorily proven by the testimony, only carried that part of the account for a period of three years longer but prescribed at the expiration of that time, 1930; and the only effect that could be given to the acknowledgment made in 1933, if found to be satisfactorily established by the evidence, would be for items charged during the three-year period immediately preceding the alleged date of last acknowledgment.
 

 We find that W. C. Webb testified that from time to time in 1927, until the date of
 
 *521
 
 defendant’s resignation, he went over the account with the debtor repeatedly during each year, and that defendant did not question the correctness of the account at any time, and further acknowledged owing it on a number of occasions.
 

 J. G. Thompson testified that he was actively in charge of the plaintiff’s affairs for two years prior to its liquidation, and that he had discussed defendant’s account with him on several occasions, and that he did not question the correctness thereof, and just prior to his resignation he agreed to execute a note to cover the amount due, but after making the promise he was unable to get defendant to sign the note. W. G. Bowden, who was employed as credit manager from 1919 to 1929, testified that in the fall of 1927 he discussed the account with the debtor at the request of the traveling auditor of the plaintiff corporation, and that defendant not only acknowledged the correctness of the account, but promised to reduce the same, and on one occasion stated that he expected to obtain enough money from his father to pay the account. Neither J. G. Thompson nor W. G. Bowden were connected with the plaintiff company at the time of the trial. In fact, Bowden has not been connected with the company since 1929.
 

 The only testimony offered by defendant to counteract or disprove that of the several witnesses above named is his own. He denied that he made the acknowledgments testified to by the witnesses for plaintiff, and further asserted that his account was settled and closed at the end of each month ; that the items charged against him for the two cars should not have been thus charged because, after the plaintiff company changed its policy with reference to furnishing cars to its salesmen, Mr. Thompson, an officer of the company, told him, after he complained that he (defendant) could not work for the company under these circumstances, “you have nothing to worry about, I have a motive in doing what I am doing,” which defendant understood to mean that he had an agreement excluding him from the rule of the company. On rebuttal, Mr. Thompson denied making such a statement.
 

 The trial judge held that the preponderance of the evidence was with the plaintiff, and we see no reason to disturb his judgment. In fact, from our examination and analysis of the evidence with reference to the account in question^ we conclude that this was an open account, showing monthly credits, and, therefore, prescription did not begin to run until the 31st day of May, 1933, the date of the last credit entry.
 

 Counsel for defendant raised, for our consideration, another proposition— “that the evidence in support of the account does not meet the legal requirements because Webb, the bookkeeper, testified that the account was made up from the ledger and not from the original records and, further, that he was not in a position to say ■ that any of the merchandise was actually delivered to Dean” (defendant).
 

 
 *523
 
 In the case of Horton v. Haralson et al., 130 La. 100, 57 So. 643, this court held (syllabus by the court) : “In a suit on open accounts, where the witnesses refresh their memories by the books, and the general trend of the business shows that the goods have been sold and delivered, it is not necessary- to prove the actual delivery of each and every item. The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to show wherein the proof was insufficient.”
 

 We think that the following extract from the trial judge’s reasons for judgment comes squarely within the rule of law announced in the above decision and properly. disposed of counsel’s theory: “An examination of the cancelled checks filed in evidence, showing payments to Mr. Dean by plaintiff of various sums at various times, show for themselves, irrespective of reliance upon the books. A reference to the entries on the books, taken in connection with the testimony of plaintiff’s witnesses, explaining these checks, bear out plaintiff’s proposition and the correctness of the account sued upon. The character and general trend of the business carried on by plaintiff, and defendant’s position and relations with plaintiff and its business, as disclosed by testimony other than what the books themselves show, constitute proof that the goods in question had been sold and delivered to defendant and charged to him as itemized on the account sued on and reflected by the books.”
 

 The trial judge concluded that “the preponderance of the evidence appears to be with plaintiff,” and we agree with him.
 

 We find that the district judge was correct in his finding that Dean’s account was credited with the full amount of his salary and automobile expense allowance for the months of February, March, April, and May, 1933, the basis of his reconventional demand, and, therefore, properly rejected the same.
 

 For the reasons assigned, the judgment of the lower court is affirmed.