## FRIERSON CO., Inc., v. MURRAY.
### No. 5849.

Court of Appeal of Louisiana.
Second Circuit.
April 28, 1939.

Rehearing Denied May 29, 1939.

Dickson & Denny, of Shreveport, for appellant.

L. E. Colvin, of Mansfield, for appellee.

HAMITER, Judge.

Judgment against defendant for the sum of $478.57 is asked by plaintiff herein. The claimed indebtedness allegedly represents the unpaid balance on an open account. At-

tached to and made a part of the petition is a detailed statement of the account involved, which lists merchandise sold and cash advanced to defendant.

Exceptions of no cause and no right of action and a plea of prescription of three years were filed by defendant. All of these were referred to the merits of the case.

In his answer, defendant denies any liability to plaintiff and affirmatively avers:

1. That a complete settlement was made of defendant's indebtedness with plaintiff through financial arrangements had with the Federal Land Bank of New Orleans.

2. That the account sued on is not correct.

3. That he has not received full credit for 28 carloads of pulp wood that he cut and delivered to plaintiff.

4. That "if he had received full payment for all of said cars and for the cash paid by him, and deducted from the account all mistakes and errors, he has overpaid the said plaintiff."

Thereafter plaintiff filed a supplemental petition for the purpose of correcting certain clerical errors allegedly made in the itemized statement attached to its original pleading. The filing was allowed over defendant's objection.

In a supplemental answer defendant reiterates and emphasizes his contention that full credit has not been given for 28 cars of pulp wood hauled and delivered.

After a trial of the case on the merits, the court overruled the exceptions of no right and no cause of action and the plea of prescription, and rendered judgment in plaintiff's favor in accordance with its prayer.

The mentioned exceptions are not urged here. It appears that they have been abandoned. In all events, they are without merit for the petition states both a right and a cause of action.

The allowance of plaintiff's supplemental petition was, we think, proper. It merely provided corrections of clerical errors contained in the initial pleading, and in no manner altered the substance of plaintiff's original demand. Code of Practice, article 419; Payne v. Morgan's Louisiana & T. R. & S. S. Co., 38 La.Ann. 164, 58 Am.Rep. 174.

Defendant, according to his own testimony, has been trading with the Frierson Company, Inc., plaintiff herein, since the year 1920. His principal occupation has been that of farming, and plaintiff has yearly since that date furnished or supplied him with goods, merchandise and funds necessary in connection with his farming operations. This furnishing was on a credit basis. In the fall of each year, as the crops were harvested, defendant paid on his account to the extent that he was financially able. In addition to farming, he cut and hauled pulp wood and usually disposed of the fruits of these efforts through plaintiff company.

The account on which this suit is founded involves several hundred separate transactions commencing December 27, 1927. The last debit item shown on the statement is of date August 30, 1936, and the final credit allowed was on September 4, 1936. At no time during the mentioned period did the credits completely offset the debits.

To prove the existence of the claimed indebtedness, plaintiff offered the testimony of Mrs. McIver, its bookkeeper, and Mr. Stallcup, its president. A vast majority of the dealings were handled by these persons. The system of bookkeeping employed was that of double entry. For this there was used a sales book, a cash book and a ledger. All original entries were made in the sales book and cash book. The account was kept in accordance with the general trend of the business. The unpaid balance was carried forward each year.

It is the testimony of Mrs. McIver that she prepared the itemized statement attached to the original petition and that in doing so the books of original entries as well as the ledger were used. The disbursement of cash from the office was under her supervision, and it was her duty to reach a cash balance each day. No irregularity ever appeared in the many cash items charged to defendant. The statement reflects the correct condition of defendant's account. She further testifies that the indebtedness was never disputed, although defendant was frequently furnished statements and otherwise informed of the balance owing.

About sixty-five per cent of the sales of merchandise to debtor were made by Mr. Stallcup. He attests the correctness of the account in these words: "Yes, it is correct in so far as our record is concerned, we have checked it and find it is correct, we keep a double entry set of books and it balanced." When asked regarding defendant's ques-

tioning of the indebtedness, he stated: "I know of no time when he disputed the account."

It was said in Horton v. Haralson, 130 La. 100, 57 So. 643, 644, that:

"Another objection of defendants was that some of the accounts were not sustained by sufficient proof.

"They were proved up in the usual manner, and witnesses, doubtless, refreshed their memories from the books, and the general trend of the business, and showed that the goods had been sold and delivered. It was not necessary to prove the actual delivery of each item of the different accounts as that is impossible. The sales were proven and everything combined in showing delivery. The testimony made out at least prima facie proof, and it was then for the defendants to prove wherein the testimony was not sufficient for the purpose offered."

The quoted holding was followed in Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62.

Viewing the evidence in the record in the light of the above doctrine, it is clear that a prima facie case has been established by plaintiff; and the account must be considered as being correct unless successfully refuted by defendant.

We find no merit in the contention that the indebtedness was settled with funds obtained from the Federal Land Bank of New Orleans. The record discloses that Della Murray, the mother of defendant, obtained a loan from that institution and that some of the funds therefrom were paid to plaintiff. However, this payment was in settlement of her separate and individual indebtedness, and did not concern the account of defendant. This conclusion is supported by the receipt of plaintiff on which defendant relies and by the testimony of Mr. Stallcup.

With reference to the cutting and delivery of pulp wood by defendant, we have made a close study of the evidence and particularly have checked the list furnished by defendant with plaintiff's statement, and we are satisfied that he has been given full credit for each of the cars that he describes.

Defendant seriously questions certain entries on the itemized statement bearing date of January 11, 1936. There shown is a cash charge of $156, together with a cash credit of $70. Mrs. McIver, who handled and remembered the matter, explains that on that date defendant drew $156, for which he was charged, and requested that $70 of that amount be placed as credit to his account. The difference, or $86, was paid to him in cash. She states that, "it was bound to have been correct, I couldn't have kept my cash balanced if it had not been correct." Perhaps such a method is somewhat unusual, but it is sometimes indulged in. Mr. Stallcup says that plaintiff's customers frequently "pay something on account and then borrow it right back. It keeps the account in a healthy condition and they know that." The defendant gave no testimony whatever regarding the discussed items. Under the circumstances, we do not feel justified in excluding the debit item.

Anent the plea of prescription of three years, Civ.Code, art. 3538, the account ran continuously, as before stated, from December, 1927, until the latter part of 1936. There were few months, if any, during that long period in which defendant did not purchase merchandise or obtain advances, and payments on the account were made by him from time to time each year. The last credit item appears under date of September 4, 1936. It appears that the creditor operated as the Frierson Company, Ltd., until approximately January 1, 1933, and thereafter as Frierson Company, Inc.; however, there was no change in the method of operation in carrying on the business, and in so far as the question under consideration is concerned, the account, in our opinion, was not affected.

The syllabus in Ritchie Grocer Co. v. Dean, supra, which correctly reflects the court's holding, states:

"Suit on open account within three years from date of last credit entry was not barred by prescription, notwithstanding account was more than three years old."

Under the above authority, plaintiff's claim has not prescribed.

We find no error in the trial court's judgment, and it is affirmed.