ELLIS, Judge.
The plaintiffs, the sole and only heirs of E. T. Tate who operated a general merchandise store in the town of Kentwood, Louisiana, have filed this suit against the defendant for the alleged 'balance due on an open account carried in the name of Mrs. Myrtis Bridges, wife of defendant,, in which it was alleged that the goods and merchandise purchased on this account were for the 'benefit of the community and for the operation of a community business, the balance claimed being $1,223.66 less $66.89, and also, on an open account in the name of the defendant in the amount of $347.02, and to the petition plaintiffs have annexed and introduced in evidence both itemized statements of account.
The defendant filed an exception of vagueness to both accounts and a plea of prescription of three years to the account in the name of the defendant Clarence Bridges as to all items except the last of $40. Counsel for plaintiffs and defendant both state in their briefs that the plea of prescription was sustained except as to the $40 entry dated March 17, 1947, however, the minutes fail to show this to be a fact and, further, there is no signed judgment sustaining the plea. The exception of vagueness was sustained and plaintiffs ordered to amend the statement so as to itemize an entry entitled “Balance Jan. 28, 1947, $68.40”. Plaintiffs filed an amended statement of account which began with an entry entitled “January 1, 1946, balance due on account $66.89”. As to this un-itemized amount, defendant again filed an exception of vagueness and it was finally stipulated by counsel for plaintiffs and defendant that should there be any judgment rendered in favor of the plaintiffs- the judgment would be reduced by $66.89 which plaintiffs could not or did not itemize.
The defendant filed an answer in which he denied each allegation of plaintiffs’ petition except as to his residence.
*766 The case was tried and submitted on April 2, 19S0 and judgment rendered on June 21, 1951 dismissing the plaintiffs’ suit at their cost and, according to the judgment, for the reason that the plaintiffs failed to prove their case. From this judgment the plaintiffs have appealed.
Under the facts stated, as to the plea of prescription we must abide by the record and will, therefore, treat it as being referred to the merits. The dates on the account clearly show that all items had prescribed except as to the $40 entry.
The plaintiffs offered in evidence the day books and ledgers from which the statements annexed to the petition were made. The defendant complains of the untidy condition of these books as well as the loose method used by Mr. Tate in his bookkeeping. We have examined these books which are composed of some twenty-five day books which show in detail the date and the exact merchandise purchased and the charge therefor to each customer dealing with E. T. Tate on the dates shown. The .amount of the charges was then transferred from the day book to a general ledger. While it is true that possibly the manner or method of handling the accounts and the looks of the books are not too tidy, we had no difficulty in verifying the correctness of the itemized statements annexed insofar as the day books and the merchandise were concerned.
In addition to this evidence the plaintiff .also offered the testimony of J. Z. Allen who had worked for E. T. Tate since August 17, 1926, beginning as a clerk and advancing to manager. It is shown that this witness was familiar with the books as he had worked on them occasionally, and after Mr. Tate became ill he took over the bookkeeping entirely. The same bookkeeping system had been used during the 25 years he had worked at the store. He testified in detail as to the system of making entries ■on the books. He stated that when a customer was sold any merchandise on credit the clerk who made the sale would enter the name and various items in a book 'called fhe “Day Book” or “Counter Book”. At the end of the day Mr. Tate or Mr. Allen would transfer these entries to a book •called the “Ledger”. The credits were also posted in the ledger. This testimony is completely borne out by an examination of the books. He further testified that the statements sued on were correct as 'he had checked them and that when Mrs. Bridges discontinued trading at the Tate store there was no dispute as to the account and that the balance was approximately $1,100 or $1,200. This witness was very positive in his testimony and remembered the conversations he had with Mrs. Bridges after he had refused to sell more feed to 'her until she paid what she owed.
Plaintiffs also offered the testimony of an agent of the estate who typed the itemized statement of account by taking the figures from the day book and the ledger and who testified that according to these books the account was correct.
The defendant and 'his wife showed by their testimony that the ability of the agent to add was not of the best as most of the time the addition was wrong. However, the account was added on the adding machine and any such errors were corrected.
It was also shown that the defendant Clarence Bridges and Mrs. Myrtis Bridges traded at the Tate store on credit until July or August, 1947.
The defendant’s case is based upon the denial by himself and Mrs. Myrtis Bridges, his wife, that they owed Mr. Tate anything, and the defendant specifically denied owing the $40 on his account which is all we are concerned with, having testified that he did not buy it. While Bridges denied having purchased the $40 worth of fertilizer, Allen is positive that he sold the fertilizer to him and delivered it. Tire defendant further testified that he told Mr. Tate not to let anyone have anything on him sometime in 1944 and offered a witness to corroborate this testimony who was supposed to have heard him make this statement. This witness testified that the statement was made in 1946 or 1947. Mrs. Bridges merely testified that she kept her account up and that she would give Mr. Tate the dairy check and he would take out the bill and at times give her .change, and that she had asked him for a statement when she paid her bills and that he always told her, “Well, if I *767 don’t 'care about it why should you care about it. You don’t owe me anything.” Of course, Mr. Tate is dead and no one else heard this conversation.
• In addition to this testimony by the defendant, he offered to prove that mistakes had been made in other people’s accounts and that they had been settled for amounts less than the amount originally claimed by the Tates.
The law in cases of 'this nature is well settled. In the case of Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62, 63, our Supreme Court held, quoting from the decision of Horton v. Haralson, 130 La. 100, 57 So. 643: “In a suit on open accounts, where the witnesses refresh their memories by the books, and the general trend of the business shows that the goods have been sold and delivered, it is not necessary to prove the actual delivery of each and every item. The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to show wherein the proof was insufficient.” See also Frierson Co., Inc. v. Murray, La.App., 190 So. 132.
While we are aware of the fact that the findings of the trial court should not be disturbed unless manifestly erroneous, in the present case it is clear that the plaintiffs satisfied the requirements of the law and made out a prima facie case and the defendant has failed to show “wherein the proof was insufficient.”
Defendant cites Moreau v. Blanchard, 6 La.Ann. 101 wherein the Court stated: “The plaintiff has kept, and rendered his accounts and given receipts so carelessly, that it is impossible for us to ascertain the exact state of the account between the parties. It was his duty to keep his accounts in such a manner, and to furnish such evidence as would have enabled the Court to fix with certainty the exact amount due to him by the defendant.”
The case is not apposite for it is not shown that E. T. Tate rendered -his accounts and gave receipts so carelessly that it is impossible to ascertain the exact state of the account. While the books are untidy and not kept according to the best methods of bookkeeping, the statements annexed to the petition are easily verified from these books.
To deny plaintiffs’ demand would be tantamount to holding that the deceased, E. T. Tate, was guilty of the grossest fraud as well as the clerks in his store and that the items charged over and above the amount of the credits shown which are not disputed as being correct were fictitious. There is no evidence to substantiate such a charge and, further, the answer does not charge any fraud.
It is, therefore, ordered, adjudged and decreed that the plea of prescription be sustained except as to the $40 item on the account of the defendant, Clarence Bridges.
It is ordered that there be judgment in favor of the plaintiff and against the defendant in the full sum of $1,196.77 with legal interest from judicial demand until paid and all costs.