HAWTHORNE, Justice.
Plaintiff, Harnischfeger Corporation, instituted this suit to recover the sum of $2372.13, which it alleges is the amount due by defendants, C. W. Greeson and Company, an ordinary partnership, and the individual members thereof, C. W. Greeson, P. D. Holley, and A. Breitling, for goods and merchandise sold and delivered and services rendered between September 26, 1946, and May 1, 1947. An in solido judgment was rendered against the partnership and its individual members, and they have appealed.
In their answer to plaintiff’s petition the defendants admit that plaintiff sold goods and rendered services to the partnership between the dates alleged in its petition, but deny the correctness of the account suéd on. They contend in this court that plaintiff has failed to discharge the burden of proof and make out its case by a preponderance of the evidence, and that the proof adduced by plaintiff on the trial of the case is not sufficient under Article 2277 of the Civil Code because plaintiff did not prove its account by one credible witness and other corroborating circumstances.
To prove the account plaintiff called two witnesses, one of whom was assistant to the vice-president and treasurer of the plaintiff corporation and the other district manager of its Memphis office. By these witnesses plaintiff proved that the account was correct, due, owing, and unpaid, and showed the manner and method in which it did business. In support of this testimony plaintiff adduced and offered in evidence the original invoices for all items shown on the open account and bills of lading or shipping receipts showing that the items making up each invoice had been consigned and shipped to the partnership by railway express, motor transport, etc. (The receipt for one small item amounting to $3.80 had'been in plaintiff’s possession but had been misplaced.) Monthly statements of the account sued on had been sent to the partnership from time to time, and no objection to their correctness had ever been made. These statements were mailed to the same address to which prior account statements, duly paid, had been mailed. One of the plaintiff’s witnesses testified that he called on one of the members of the partnership in an effort to collect the account, and that at that time this partner did not deny its correctness or contend that the merchandise had not been purchased or received, although he refused to pay the account, stating that he had no personal knowledge of the various purchases and the delivery of the items.
On the trial of the case on its merits defendants did not offer a single witness who denied the correctness of the account or who denied the purchase and delivery of *184 its various items, and offered no testimony to contradict plaintiff’s witnesses who testified that the account was due, owing, and unpaid.
Under these -circumstances we think there was sufficient corroboration of plaintiff’s witnesses to satisfy the requirement of Article 2277 of the Civil Code, and the trial judge was correct in rendering judgment for plaintiff for the full amount sued for. See Horton v. Haralson, 130 La. 100, 57 So. 643; Louisiana Abstract & Title Guaranty Co. v. Xeter Realty, Ltd., 156 La. 1019, 101 So. 402; Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62.
In support of their contention appellants cite the case of Cormier v. LeBlanc, 8 Mart, N.S., 457. The peculiar facts and circumstances of that case preclude its application here.
In the alternative appellants contend that the judgment is erroneous in that it condemns the partnership and the individual members thereof in solido to the payment of the account. Plaintiff-appellee alleged in its petition that the partnership was an ordinary partnership, and the trial judge in the course of the trial recognized this- fact and stated that the partners were bound only jointly and not in solido. In this court appellee concedes that the in solido judgment is erroneous since the partnership was an ordinary one, that it is entitled only to a judgment condemning the partners jointly, and that the judgment was written as an in solido judgment inadvertently and through error. Appellants concede that prior to taking the appeal they did not call this error to the trial judge’s attention and raised it for the first time in this court. We will amend the-judgment to make the individual members-liable jointly instead of in solido, but, under the circumstances, we will not cast plaintiff for the costs of appeal.
For the reasons assigned, the judgment appealed from is amended so as to award the plaintiff the sum of $2372.13 against the defendants jointly rather than in solido, and as thus amended the judgment is affirmed at appellants’ costs.