LOTTINGER, Judge,
This is an action in which the plaintiff, Standard Coffee Co., Inc., seeks to recover from one of its former employees, Andrus Credeur, the sum of $133.65. It is alleged that defendant was in plaintiff’s employ from February, 1949, until Jun'e 25, 1949, and that at the termination of said employment there was a shortage of $697.45. It is set forth that after various amounts were paid or credited to defendant’s account, there was left due and owing the aforesaid sum. Attached to the petition is an audit averred to have been made at the termination of the employment which was signed by the defendant arid acknowledged to be true and correct.
The defendant first filed exceptions to citation and jurisdiction rationae personae. After plaintiff filed a supplemental petition' the defendant then answered admitting his signature to the audit, but denying in essence, all remaining material allegations of the petition.
At the trial of the suit the defendant admitted his signature to the audit, but stated that he did not know what the document contained. Two witnesses were placed on the stand by the plaintiff who testified to some extent regarding the audit and the fact that it was signed by defendant. Neither of these witnesses, however, testified that he had prepared it nor was either of them able to testify as to its correctness. After the plaintiff had "rested its case, the defendant moved that the case be dismissed for, failure of plaintiff to prove its cáse. The City Judge sustained this motion and held as follows:
“The court is satisfied that the document.has not been properly identified by the party making the same, and there is a conflict here of dates — two people signed on the 24th and one on • the 25th — document inadmissible because it has not been proven to be authentic. And there is no testimony to prove that he owes $156.00 as prayed for. Suit is being dismissed at plaintiff's cost.”
Subsequently, the plaintiff filed a motion for a new trial, alleging that the suit had been' dismissed because of the absence of *533 one John S. Phillips - and' that this person was available for taking his testimony. On the day set for the defendant to show cause why a new trial should not be .granted, the original judgment was read and signed and the case is now before us pn an appeal taken by the plaintiff.
The defendant argues in this court that the .-record is devoid of any evidence showing an indebtedness due plaintiff. Further, he contends that no one testified as to the correctness of the audit and that the failure of plaintiffs to produce Mr. John S. Phillips, who prepared the audit and who'se signature appears thereon, must be construed as an admission that his testimony would be unfavorable. The plaintiff, on the other hand, relies on the fact that there appears on the audit, immediately beneath the defendant’s signature, the words “will pay balance due as soon as possible.” From this it argues that the defendant assumed an unconditional obligation to pay the balance shown and that it was therefore relieved of showing the correctness of each item of the account until the defendant alleged and introduced some evidence to substantiate some special defense such as error, duress, etc.
One of .the authorities, relied upon by plaintiff is the case of Associated Motors, Inc. v. Burk, 10 La.App. 5, 119 So. 451. In this suit, the court was presented with a claim on an open account. The, record contained the testimony of only plaintiff’s witness, one of whom stated that the defendant had acknowledged the account ¡by .offering-no .objection to same and by promising to pay. The defendant contended that plaintiff, should have been nonsuited for failure to prove the several items making, up the account. The court held'this contention-to be without merit and stated that the defendant’s, actions had given the claim the status of :an account stated. An'other case in point is that of Handley v. Barretta, La.App., 181 So. 828, wherein it was held that while the court can look into the correctness of an account previously agreed to by the debtor, the burden of proving, incorrectness is on the person alleging same.
In view of the above-cited authorities there can be no doubt but that the audit, admittedly signed by the defendant and containing his promise to pay, was prima facie'proof of its fcorrectness, subject, of course,' to the right of the defendant to offer evidence of error, or whatever other, defense he might have. In this connectiqn it will be remembered that here n'o special defense was set up in the answer, which only denied that the amount claimed was due and owing. Further, the only evidence as to error is that of the defendant himself on cross-examination to the effect that he did not know what he sigried. This being the situation, we feel that ’in order to do substantial justice between the parties, the case should be remanded to the City Court in order that plaintiff might introduce the testimony of the man who prepared the audit and also in order that the defendant might introduce such evidence as he can as to its correctness.
For the reasons assigned, therefore, the judgment appealed from is reversed and the case will be remanded for further proceedings not inconsistent with the views herein expressed. The costs of this appeal to be borne by plaintiff and defendant.
Judgment reversed and remanded.