GLADNEY, Judge.
Plaintiff instituted this suit on an open account for a balance of $9,199.34, representing natural gas sold between the years 1947 and 19SS. Defendant pleaded a general denial and claimed he was entitled to credits against the account for leakage of gas from plaintiff’s pipeline, for improper metering, and because of an overcharge of 3^ per thousand cubic feet reflected in one of the monthly statements. Following trial judgment was rendered in favor of plaintiff in the sum prayed for, less a credit of $550.40 for the overcharge, the correctness of which plaintiff conceded. From the judgment so rendered, defendant has appealed.
Uncontroverted evidence discloses that during the period from January 1, 1947, until July 9, 1955, plaintiff submitted to defendant monthly bills for the gas metered during each month, and that the statements showed the volume of gas, the unit price thereon (120 per thousand cubic feet), and the amount due. Also, it was disclosed upon trial that the defendant did not protest the correctness of the statements, but gradually fell behind in his monthly payments and his indebtedness progressively increased. In June, 1955, plaintiff discontinued gas deliveries and on August 29, 1955, brought this suit for collection of the alleged balance. On cross-examination G. D. Norman admitted receiving the itemized monthly statements, acknowledging the correctness of the accounts as late as April *846 1,. 19S5, and requesting time within which' to pay. He, however, attempted to qualify these admissions by stating he'had objected in June, 1947, to the accuracy of a statement because of leakage in the line. In that instance he and plaintiff made a satisfactory adjustment. He stated as his reason for not having contradicted the account and for having made promises of payment that he was entirely dependent upon plaintiff for the furnishing of gas and was therefore, in no position to dispute the account. The correctness of the account was substantiated by L. J. Langen-stein, R. A. Roy and R. O. Roy.
The course of conduct so pursued by the defendant should be sufficient to preclude' him from taking the position evidenced by his pleadings and his testimony upon the trial. Flower v. O’Bannon, 1891, 43 La. Ann. 1042, 10 So. 376; Horton v. Haralson, 1912, 130 La. 100, 57 So. 643; Haas v. S. Gumbel & Co., 1924, 155 La. 414, 99 So. 350; Associated Motors, Inc. v. Burk, La.App.Orleans 1929, 119 So. 451; Frierson Co., Inc. v. Murray, La.App.2d Cir. 1939, 190 So. 132; Gilbert v. Tullman, La.App. 2d Cir. 1946, 28 So.2d 134; and Standard Coffee Co., Inc. v. Credeur, La.App. 1st Cir. 1952, 62 So.2d 532.
Accordingly we are not favorably impressed with the defenses presented. It is averred that charges were made for gas which leaked from the line after being metered at the well some three and one-half miles from the brick plant. Although the evidence discloses there were leaks in the line during the eight year period, at least some adjustments therefor were made between the parties at the expense of ap-pellee. The testimony of O. T. Ice, Jr., a gas expert for appellant, although given for the purpose of estimating defendant’s loss through leakage, is without probity as his tests were made months after gas deliveries had ceased. The remaining defense urged assumes the delivered gas was improperly measured to the detriment of appellant, who maintains he should pay for gas according to the same formula of measurement "as is used in the determination of the volume of royalty gas. This defense is not established since there was no express understanding between the parties as to how the gas was to be measured. Having accepted the method so employed for years without complaint, appellant has no justifiable ground to ask for a different arrangement.
The judge a quo in well prepared written reasons thoroughly reviewed the contentions of the defendant and held the defenses were not well founded. We are fully in accord with the decision so reached.
The judgment is affirmed at appellant’s cost.