FRUGÉ, Judge.
This is a suit to recover from the heirs of J. J. Gillentine the sum of $9,509.60 for services rendered to the defendant in the planting, cultivating and harvesting of certain rice crops in the years 1954, 1955 and 1956.
This suit was filed on October 24, 1957 alleging that certain debts were due to plaintiff by virtue of a verbal contract whereby he was to farm certain leased land for the defendant. Service was made on the defendant on October 29, 1957 and an answer was filed on March 28, 1958. Subsequently, on July 19, 1961, the defendant, J. J. Gillentine, died and on motion of the plaintiff his heirs were substituted as defendants to this suit.
Plaintiff alleges that, although no price was agreed upon by he and the deceased for his services, it was understood that he would be paid the value of these services. From a judgment of the lower court dismissing plaintiff’s demands he has appealed to this court.
Concerning the proof required to support a claim of this nature, LSA-C.C. Art. 2277 provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which *171 are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
Thus, in order to establish his claim, plaintiff must produce the testimony of at least one credible witness and other corroborating circumstances. Prudeaux v. Douglas, La.App., 54 So.2d 360; Williams v. Congregation Mater Dolorosa, 128 La. 355, 54 So. 877.
Turning then to the facts as established by the trial of this case, it appears that the only parties present at the time the alleged oral agreement was entered into were the plaintiff and the defendant. Therefore, concerning the nature of the agreement, the sole testimony in the record is that of the plaintiff. In an attempt to support his own testimony, he introduced evidence in the form of weight tickets from certain rice driers to show that he hauled defendant’s rice to the mill for him. However, these weight tickets, as the trial judge properly found, do not establish whose rice was hauled or in what proportions. In addition to the above, plaintiff’s own testimony is most inconsistent as to whether he ever intended to charge the deceased for the alleged services.
The trial judge after considering the evidence as a whole was unable to conclude that any agreement had ever been entered into between the plaintiff and the deceased. We cannot say from the evidence that he was in error in his conclusions.
In urging error on the part of the trial judge, counsel for the plaintiff submits that the failure of the defendant to offer evidence of his version of the agreement is a corroborating circumstance tending to prove plaintiff’s claim. In this regard, we are referred to the case of Louisiana Abstract & Title Guarantee Co. v. Xeter Realty, 156 La. 1019, 101 So. 402. While we are of the opinion that plaintiff has correctly set forth the rule enunciated by this decision, it has no application in the case at bar. We note that, although plaintiff filed this suit some three and one-half years prior to the death of Gillentine, no attempt was made to further its prosecution until five weeks after Gillentine’s death. During this period of time plaintiff knew of Gillentine’s ill health, but took no steps to perpetuate his testimony or reduce the alleged obligation to writing. Accordingly, at the time this suit was tried, the only party other than the plaintiff that could have testified was the deceased defendant. Certainly the unavailability of his testimony cannot serve as corroborating evidence to support plaintiff’s claim.
In summary then, we conclude as follows: Concerning the alleged oral agreement between plaintiff and the deceased, the only testimony in the record is that of the plaintiff, and, as previously set forth, his testimony is far from being consistent as to whether remuneration for the alleged services was ever agreed upon. The law wisely requires that a contract for the payment of money above $500.00 must be proved at least by one credible witness and other corroborating circumstances. LSA-C.C. Art. 2277. There is no such preponderance of proof in favor of the plaintiff. See Steedley v. Winbarg, La.App., 44 So. 2d 193; Duos v. Ketteringham, La.App., 33 So.2d 108.
For the reasons assigned herein, the judgment of the lower court is affirmed; plaintiff to pay all costs of this appeal and of these proceedings.
Affirmed.