HERGET, Judge.
Plaintiff, York-New Orleans, Incorporated, instituted this suit against Gibson Collins, doing business as Golden Meadow Outboard Motor Supply, for merchandise allegedly sold and delivered to said Defendant on an open account in the sum of $2,139.75 together with interest from date of judicial demand and all costs of these proceedings.
Defendant filed a general denial and in paragraph 2 of his answer averred:
“Defendant admits the purchase of merchandise from petitioner on various dates, but denies that a balance is due thereon and denies all other allegations contained in paragraph 2 of plaintiff’s petition.”
For reasons orally assigned, tire Trial Court rendered judgment in favor of Plaintiff against Defendant in the sum of $570.75 together with interest and costs. From this judgment Plaintiff appealed, contending it was entitled to judgment in the full sum of $2,139.75. Defendant answered the appeal, maintaining the judgment should be reversed.
In proof of its claim Plaintiff called as a witness Mr. William K. Bargen, who testified he was comptroller for Plaintiff; that the books and accounts of the company were kept under his supervision; that the statements which he identified for materials and supplies purchased by Defendant were correct; and that the balance due thereon was the sum of $2,139.75. In connection with his testimony there was offered original invoices, many of which were signed by Defendant. Defendant, on cross-examination, admitted prior to the institution of the suit by Plaintiff, when called to the office of counsel for Plaintiff, he did not question the correctness of the account insofar as charges and delivery of the materials were concerned but maintained the alleged balance due of $2,139.75 was incorrect. It appears his premise in this regard is based upon the fact that each month for many months prior to the institution of this suit he had received statements from Plaintiff in which the balance due on the account was shown to be $570.75. This circumstance was clarified by Mr. Bargen when he testified that Plaintiff had two accounts with Defendant; one a running open account on which there was and is a balance due of $570.75 and the other, which he referred to as a “T.A.” account representing merchandise sold to Defendant on which there was a balance due of $1,569, the receipt of the merchandise therefor having been acknowledged by the signature of defendant, Gibson Collins, and as to this account Defendant was extended credit beyond the thirty day term allowed on the open account, until the merchandise was sold by Defendant. Defendant admitted the sale by him of such merchandise. In our opinion such proof, the testimony of one credible witness and evidence of other corroborating circumstances suffice to meet the requirements of LSA-C.C. Article 2277 relative to proof of verbal contracts' in excess of $500. Harnischfeger Corporation v. C. W. Greeson & Co., 221 La. 179, 59 So.2d 113; Pino v. Bennett, La.App., 126 So.2d 460.
Over objection of counsel for Plaintiff, Defendant sought to produce evidence to the effect he had, in turn, sold to Plaintiff outboard motors which should have been credited to him as payment of this account. Defendant did not make the affirmative defense of a plea of payment. Accordingly, such evidence tendered by Defendant was inadmissible. Monroe Grocery Co. v. Barron, 16 La.App. 357, 134 So. 735; Lone Star Gas Co. v. Winnfield Bottling Works, 9 La.App. 474.
*108 For these reasons, the judgment of the Trial Court is amended and judgment is rendered in favor of plaintiff, York-New Orleans, Inc. against defendant, Gibson Collins, doing business as Golden Meadow Outboard Motor Supply, in the full sum of $2,139.75 with interest thereon at the rate of 5% per annum from August 29, 1962 until paid and all costs.
Amended and affirmed.