CHASEZ, Judge.
The plaintiff, The Ferd. Marks Insurance Agency, Ltd., is appealing from a judgment of the lower court dismissing its suit for an unpaid balance of $3,677.20 on an open account for premiums on insurance policies alleged to be owed by the defendant, Harris Thibodeaux.
On the trial of this matter, the attorney for the plaintiff, introduced the testimony *851 of Mr. Herman Katten, president of the plaintiff company, in connection with ledger sheets showing the account. The defendant’s own testimony was offered in rebuttal.
The trial judge in his reasons for judgment stated that “the first entry shown on the ledger sheets was a balance of $4,098.72 brought forward as of October 30, 1959. However, there was no itemization on the ledger sheets showing what this balance brought forward represented * * * ” Therefore he considered this amount was not sufficiently proved and rendered judgment for the defendant.
Unfortunately, we find that we cannot affirm the judgment below on the grounds stated. The language of the following case points up our problem: “They, (the accounts) were proved up in the usual manner, and witnesses, doubtless, refreshed their memories from the books, and the general trend of the business, and showed that the goods had been sold and delivered. It was not necessary to prove the actual delivery of each item of the different accounts as that is impossible * * * ” (Horton v. Haralson, 130 La. 100, 57 So. 643 (1912).
Thus we feel that there was no necessity for the plaintiff to' make a showing of exactly what the $4,098.72 entry represented in this case.
However, there should be some proof introduced of what transactions this balance of $4,098.72 as of October 30, 1959 represented, so that the court can decide the issue fairly to all parties. The indication is that the defendant made payments to an outstanding balance carried over from October, 1959, as his payments exceeded the amount of new business transacted through March of 1961. The plaintiff, in his brief, claims that this balance was reduced to $857.22, on April 20, 1961, the implication being that the defendant recognized the outstanding balance as being due and owing by reducing the balance by more than $3,-000.00. However, a close examination of the evidence reveals that the $2,760.59 credit entry dated April 20, 1961 is largely re-. sponsible for the sizeable alleged net reduction of the balance; further, that this $2,760.59 may well be attributed to corresponding insurance finance and cancellation transactions entered later in time, and thus not fairly imputable to the October, 1959 balance.
Even so, there still remains an excess of credits in the neighborhood of $300.00 through March, 1961 which is not satisfactorily explained by the defendant.
For these reasons and for the reason that the testimony of the plaintiff’s witness and other circumstances brought out in evidence indicates that a debt may well be due and owing, we are constrained to remand the case in order that the trial court will adduce evidence as to what is represented by the October, 1959 balance, especially in view of the plea of prescription raised and urged by the defendants. Further the subsequent debits and credits are worthy of elaboration, particularly those representing finance, refinance, and cancellation maneuvers involved in some of the policies alleged to be purchased by the defendant.
By taking this additional evidence before a final determination of the matter, it is hoped that the record will be clarified so that full justice can be accorded to the parties. The judgment of the lower court is vacated and the case is remanded for further proceedings in accordance with this opinion.
Remanded