CHASEZ, Judge.
The plaintiff, Reilly-Benton Co., Inc. brought this suit on an open account against the defendant, Milan Engineering Co., Inc. After trial on the merits judgment was rendered in favor of plaintiff in the full amount of its demand, $181.37; defendant then brought this appeal.
The only witness to testify at the trial of this matter was Milton Bauer, plaintiff’s comptroller. Bauer stated that he was familiar with the defendant’s account with his firm, and that the unpaid balance on the account was $181.37. He identified five documents which supported this total which were introduced into evidence as plaintiff’s exhibits. These documents consisted of the ledger sheet of the defendant’s account; two invoices showing the materials sold to defendant which comprised the $181.37 balance; and two delivery tickets which reflected the materials were either delivered or picked up by the *832 defendant. Each ticket bore a signature across its face, allegedly from the individual who received the goods.
Bauer stated that he did not know the individuals who- had signed the two delivery tickets and could not state if they were employees of the defendant firm. Further he could not state of his own knowledge that the goods were actually received by the defendant, nor did he produce the purchase orders for these items to prove that the materials were actually ordered by the defendant.
Bauer did testify however that in the ordinary course of his firm’s business materials are often ordered telephonically and are picked up by employees of the concern ordering them. The materials are released only upon identification of the individual calling for them.
Bauer also stated that the defendant had had an account with his firm for two to three years previous to the alleged transaction in question; the defendant had purchased on this account on at least one occasion prior to this one; and that the plaintiff had been paid in full for this sale.
Defendant called no witnesses and offered no evidence whatsoever to refute plaintiff’s claim. Thus the only question for us to decide is whether plaintiff carried its burden of proof sufficiently to support a judgment in its favor.
Defendant contends in this appeal that as the plaintiff’s only witness, Bauer, could not state that he knew from his own knowledge that the defendant actually ordered and received the materials which comprise the amount of plaintiff’s demand, plaintiff has not proven its case to the certainty required by law.
In the case of Horton v. Haralson, 130 La. 100, 57 So. 643, as quoted in Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62, our Supreme Court stated in syllabus.
“In a suit on open accounts, where the witnesses refresh their memories by the books, and the general trend of the business shows that the goods have been sold and delivered, it is not necessary to prove the actual delivery of each and every item. The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to- show wherein the proof was insufficient."
We find this rationale to be applicable to our case herein. Plaintiff through the testimony of its comptroller and the presentation of its ledger sheets and other documents established at least a prima facie case. To hold it to the more specific proof defendant urges is unrealistic in this modern-day business world. If defendant had any evidence which could establish that plaintiff was in error, it was incumbent upon it to come forward with it. As it failed to do this we must accept plaintiff’s claim as being true and correct.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.