LOBRANO, Judge.
The plaintiff, W.H. Ward Lumber Co., Inc. (hereinafter Ward), brought suit on open account seeking, in addition to the principal and interest accumulated to the date suit was filed, legal interest from date of judicial demand, costs, and attorney’s fees pursuant to La.R.S. 9:2781. Defendant, Tomeny Construction Co., Inc. (hereinafter Tomeny), admitted in answer a balance due of $2,227.50, as opposed to plaintiff’s demand of $7,269.80 in principal and interest. Following a trial on the merits judgment was rendered in favor of Ward for all relief sought. Tomeny has perfected this appeal.
The sole issue for our determination is a factual one, and that is whether Ward met its burden of proof. We affirm.
Tomeny contends that Ward failed to prove that $7,269.80 was due on open ac *233 count. Specifically they allege that Ward failed to sufficiently prove delivery of the materials to Tomeny’s work site because certain dray receipts were not signed acknowledging delivery.
In the case of Horton v. Haralson, et al, 130 La. 100, 57 So. 643 (1912), our Supreme Court stated:
“In a suit on open accounts, where the witnesses refresh their memories by the books, and the general trend of the business shows that the goods have been sold and delivered, it is not necessary to prove the actual delivery of each and every item. The testimony made out at least prima facie proof, and it was then incumbent upon the defendants to show wherein the proof was insufficient.” 57 So. at 643.
This holding was reaffirmed in Ritchie Grocer Co. v. Dean, 182 La. 518, 162 So. 62 (1935) and by this Circuit in Reilly Benton Co. v. Milan Engineering Co., 219 So.2d 831 (La.App. 4th Cir.1969).
Ward clearly met its burden under this line of jurisprudence. Testimony was elicited from Mrs. Connie Scharwath, Ward’s credit manager at the time of the transactions, and Mrs. Sandy Hamrick, a former Ward Employer familiar with the account. Both of these witnesses testified that they were personally acquainted with the Tomeny account, that the account was kept in the usual and customary course of business, and that the true and correct amount due by Tomeny to Ward when the suit was filed was, in fact, $7,269.80.
The record is devoid of any proof on the part of Tomeny that materials sold had not been delivered.
Tomeny also alleges that a settlement of the account was reached between Ward and Tomeny in the amount of $2,300.00. However, Tomeny produced no witnesses and no documentation to prove a settlement. On cross-examination, Jim Ward, President of Ward, and Remy Delacroix, Sales Manager of Ward at the time in question, admitted they met on one or more occasions with a representative of Tomeny in an effort to amicably resolve this matter; however, both were adamant that no agreement was ever confected.
Under our jurisprudence, we are convinced that Ward made out a prima facie case that $7,269.80 was due. Having made out a prima facie case it was encum-bent upon Tomeny to prove otherwise. We agree with the trial judge that he failed to do so.
Tomeny also argues that the trial court erred in awarding attorney’s fees under La.R.S. 9:2781.
La.R.S. 9:2781 provides in pertinent part: “When any person fails to pay an open account within thirty days after receipt of written demand therefore correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.”
Tomeny argues correctly that La. R.S. 9:2781 must be strictly complied with in order for the plaintiff to obtain an award of attorney’s fees. Absent evidence proving compliance with the requisites for the award of attorney’s fees, a trial court may not award such fees. Marmedic, Inc. v. International Ship Management & Agency Services, Inc., 425 So.2d 878 (La.App. 4th Cir.1983). Specifically Tomeny contends that the failure to introduce into evidence the demand letter with invoices attached is fatal to a recovery of attorney’s fees in a suit on open account.
Ward’s credit manager testified that demand for payment was made by letter and the invoices transmitted. It cannot be disputed that the better evidence would have been a copy of the demand letter. However, there was no objection raised invoking the best evidence rule. Such being the case, the testimony of the credit *234 manager was proper to prove that demand was made under R.S. 9:2781. It was within the discretion of the trial court to hold this testimony credible and sufficient. See, Odell Vinson Oil Field Contractors v. El Dorado Gas Co., 429 So.2d 561 (La.App. 3d Cir.1983).[1]
Lastly Tomeny contends that the $7,279.80 consisted in part of $525.00 in service charges which were not consented to by him in advance and therefore could not be properly recovered. He argues that if this court accepts his argument that the service charges were incorrect, then the attorney’s fees should not be recoverable since the amount Ward claimed to be due would not be an accurate statement of the amount due under La.R.S. 9:2781.
The contract between Ward and Tomeny as evidenced by the credit application introduced into evidence provided for a service charge of 1% on any amounts more than 30 days in arrears. Tomeny does not argue that a 1% service charge would have been correct under the credit application, but rather contends that they were charged instead either a 2% or a 1V2% service charge.
In brief he argues that Ward’s employees testified that the service charge was figured at 2% of the balance due after 30 days on account. Our review of the record convinces us that this is an erroneous statement. Mrs. Hamrick testified that the reference of 2% on the credit application was not a service charge, but was rather a discount on the purchase price if the balance was paid for within 10 days of receipt of invoice. Also, there is no evidence to support the argument that 1V2% was charged.
For the above and foregoing reasons the judgment below is affirmed. All costs of this appeal to be paid by Tomeny.
AFFIRMED.

. Although copies of the demand letters were in the record they were not introduced in evidence. Our brethren of the Third Circuit held there was no objection based on the best evidence rule, and that plaintiff had proved compliance with La.R.S. 9:2781.